IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOT CRADER, and<br><br>PLAZA GARDEN ON THE LAKE CONDOMINIUM ASSOCIATION C/O SUNWEST PROPERTY MANAGEMENT<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No. 18-124 |

## NOTICE OF REMOVAL BY DEFENDANT NATIONWIDE INSURANCE COMPANY OF AMERICA

Defendant Nationwide Insurance Company of America ("Nationwide"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal of the above-captioned matter from the Circuit Court of Jackson County, Missouri, Case No. 1716-cv31623, to the United States District Court for the Western District of Missouri. Nationwide asserts the following grounds supporting removal:

### I.     Nature of the Action

1.     On August 17, 2016, Plaintiffs Scot Crader ("Crader") and Plaza Garden on the Lake Condominium Association c/o Sunwest Property Management ("Condo Association") (collectively, "Plaintiffs") filed their Petition for Breach of Contract and Vexatious Refusal to Pay ("Petition") in the Circuit Court of Jackson County, Missouri, Case Number 1716-cv31623. Nationwide was served on January 17, 2018 at an office in Des Moines, IA. A copy of the Petition and Summons served on Nationwide is attached hereto as **Exhibit A**.

2. In the Petition, Plaintiffs allege Nationwide issued a policy of insurance covering the Condo Association against liability for damage caused by the Condo Association, Policy No. SCP0976828 (the "Policy"). (Pl. Pet., **Ex. A**, at 3 ¶ 11.)

3. Plaintiffs further allege that on or about March 12, 2014, a water line broke above Crater's individual condominium causing water intrusion into Crader's condominium and resulting in property damage. (*Id.* at 2-3 ¶¶ 7-12.)

4. Plaintiffs allege that the resulting damage from the March 12, 2014 water line break resulted in covered losses under the Policy, particularly for repairs totaling $43,700. (*Id.* at 3 ¶¶ 12-13.)

5. Plaintiffs also allege that Plaintiff Crader attempted to file a claim for the resulting water damage for over a year, and that Nationwide "repeatedly misdirect[ed] Crader," vexatiously refused to pay the claim over a 20-month period, and did not provide a basis for refusing to paying the claim. (*Id.* at 3-4 ¶¶ 15-17.)

6. Plaintiffs bring specific counts against Nationwide for vexatious refusal to pay an insurance claim pursuant to Missouri Revised Statute § 375.420 and for breach of insurance contract. (*Id.* at 3-4 ¶¶ 18-28.) The vexatious refusal statute provides claimants an avenue to recover the requested insurance benefits (here, $43,700), statutory penalties related to the vexatious refusal statute, and a reasonable attorney's fee, in addition to interest. Mo. Rev. Stat. § 375.420. Plaintiffs also request a declaratory judgment be entered against Nationwide stating Natinowide is obligated to pay the amount of the requested insurance benefits. (*Id.* at 5.)

**II.     Removal is Proper under U.S.C. § 1332(a)**

7.      This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.      The propriety of removal is determined by looking to the Plaintiff's Petition as it exists at the time of removal. *Berry v. Renaissance Hotel Mgmt., LLC*, No. 4:09-CV-1261 CAS, 2011 WL 1379860, at *1 (E.D. Mo. Apr. 12, 2011).

9.      Plaintiffs allege that Crader is entitled to insurance benefits for $43,700 of water damage to his condominium. (Pl. Pet. at 3 ¶¶ 12-13.)

10.     In addition to a count for breach of contract, Plaintiffs assert a separate claim for vexatious refusal, which provides for statutory penalties in the amount of 20% of the first $1,500 in benefits and 10% of the benefits in excess of $1,500. The vexatious refusal statute also includes a mechanism for Plaintiffs to collect a reasonable attorney's fee. (*See generally id.*)

11.     Federal courts in the Eighth Circuit regularly conclude that subject matter jurisdiction is proper in vexatious refusal cases where claimants seek insurance benefits that do not alone rise to the amount in controversy but where the total requested relief includes the claimants' request for reasonable attorney's fees pursuant to the vexatious refusal statute. *See Stanley v. Lafayette Life Ins. Co.*, No. 3:13-CV-05137-MDH, 2015 WL 2062568, at *3 (W.D. Mo. May 4, 2015) (holding that vexatious refusal action involving only $5,500 in insurance benefits sought and $700 in statutory penalties was properly removed as future attorney's fees incurred by claimant of greater than $68,800 were reasonable); *see also Tripp v. W. Nat. Mut. Ins. Co.*, 664 F.3d 1200, 1208 (8th Cir. 2011) (affirming attorney fee award of $65,000 in vexatious refusal case); *Bjornestad v. Progressive N. Ins. Co.*, 664 F.3d 1195, 1198–199 (8th Cir. 2011) (affirming

attorney fees award of $45,718.60 in vexatious refusal case); *Harris v. TransAmerica Life Ins. Co.*, No. 4:14-CV-186 CEJ, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014).

12. Here, Plaintiffs' Petition seeks insurance benefits of $43,700 for property damage, well in excess of $5,500. *See Stanley*, 2015 WL 2062568, at *3.

13. Accordingly, the Petition seeks relief in excess of the minimum jurisdictional threshold when considering the insurance benefits sought, actual and consequential damages related to breach of contract, and the statutory penalties and attorney's fees associated with the vexatious refusal statute. *See Henares-Levy v. State Auto Prop. & Cas. Ins. Co.*, No. 4:15-CV-00753-AGF, 2015 WL 4094177, at *2 (E.D. Mo. July 7, 2015) (holding that removal was proper in property damage vexatious refusal case where claimant sought insurance benefits less than the amount in controversy because the Court could not say as a legal certainty that plaintiff would not incur reasonable attorney's fees bringing the total requested relief to a sum in excess of $75,000).

14. Moreover, upon information and belief, Plaintiff Crader is a Missouri resident who principally resides at 4113 NW Claymont Drive, Kansas City, MO 64116, with a condo located at 248 Plaza Garden Boulevard, Camdenton, MO 65020, and is thus a citizen of Missouri. (Pl. Pet. at 2 ¶ 1.) Upon information and belief, Plaintiff Condo Association is a Missouri non-profit corporation, with its principal place of business in Missouri. *See* (Pl. Pet. at 2 ¶ 3 ("The Condo Association is located in Camden County, Missouri.")). Defendant Nationwide, however, was and is, at all relevant times herein, a non-resident of the State of Missouri (the State where the alleged incident forming the basis for this Petition allegedly took place). Defendant Nationwide is incorporated under the laws of Wisconsin and its place of incorporation lies outside Missouri; it is, therefore, not a citizen of Missouri for purposes of diversity jurisdiction.[1]

---

[1] Notably, in their Petition, Plaintiffs also allege that the Condo Association "is a foreign corporation registered to do business in the State of Missouri." (Pl. Pet. at 2 ¶ 3.) Even assuming Plaintiff Condo Association's representation

4

15. Complete diversity exists because, upon information and belief, Plaintiff Crader and Plaintiff Condo Association are citizens of Missouri, and Defendant Nationwide is not. Alternatively, and upon information and belief, complete diversity exists because Plaintiff Crader is a citizen of Missouri and Plaintiff Condo Association is a foreign corporation located in Missouri that is neither incorporated in nor principally located in any State of which Nationwide is a citizen for purposes of diversity jurisdiction.

16. Because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, the United States District Court has original diversity jurisdiction over this action. 28 U.S.C. § 1332(a)(1). Removal is, therefore, proper under 28 U.S.C. § 1441(b).

### III. Nationwide Has Complied with All Prerequisites for Removal

17. Nationwide was served on January 17, 2018. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

18. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies thereof will be sent to Plaintiffs' counsel and filed with the Clerk of the Court in the state court action in the Circuit Court of Jackson County, Missouri.

19. Nationwide reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

**WHEREFORE**, Nationwide Insurance Company of America gives notice of removal of the above-captioned matter filed in the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

---

that it is a "foreign corporation," Plaintiff Condo Association is not a citizen of Iowa or Wisconsin for any reason (nor does Plaintiff Condo Association allege Iowa or Wisconsin is its state of incorporation or principal place of business)—which is all that matters for purposes of diversity jurisdiction.

SHOOK, HARDY & BACON L.L.P.

By: /s/ Douglas Beck
    Douglas S. Beck, MO Bar #49984
    W. Clark Richardson, MO Bar #66948
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
***Attorneys for Defendant Nationwide Insurance Company of America***

6

## CERTIFICATE OF SERVICE

A copy of the foregoing was served via U.S. mail, postage prepaid, this 15th day of February, 2018, to:

Telisa L. Hoskins, MO Bar # 43789
6842 W. 121st Court,
Overland Park, KS 66209
Telephone: (913) 906-9830
Facsimile: (913) 906-9840
E-Mail: telisahoskinslaw@aol.com
***Attorneys for Plaintiffs***

*Douglas Beck*

---
***Attorney for Defendant***