IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SCOT CRADER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-00124-CV-W-SRB |
| | ) | |
| NATIONWIDE INSURANCE COMPANY | ) | |
| Of AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Plaintiffs' Motion to Dismiss Without Prejudice (Doc. #15) and Defendant Western Heritage Insurance Company's Motion to Dismiss Plaintiffs' First Amended Petition for Failure to State a Claim (Doc. #13).[1] Plaintiffs' motion to dismiss (Doc. #15) is stricken because it was improperly filed. Defendant's motion to dismiss (Doc. #13) is GRANTED. The above-captioned case is hereby DISMISSED without prejudice.

### I.     **Plaintiffs' Motion to Dismiss Without Prejudice**

This case was originally filed in Jackson County, Missouri Circuit Court but was later removed to this Court on February 15, 2018. Telisa Pankau (Hoskins) is currently counsel of record for Plaintiffs. However, Pankau is not an active member of the Western District of Missouri bar. On March 8, 2018, Troy Renkemeyer attempted to file an amended petition for Plaintiffs. Renkemeyer is also not an active member of this Court's bar because his Western District of Missouri bar membership is currently suspended. On March 8, 2018, Pankau filed a motion to withdraw as attorney and indicated Renkemeyer would represent Plaintiffs. This

---

[1] Plaintiffs erroneously named Nationwide Insurance Company of America as Defendant. Plaintiffs' attorneys indicated they would file an amended petition naming the correct entity—Western Heritage Insurance Company. This Court does not have a copy of the amended petition before it, as described *infra* note 3.

Court denied that motion for failure to show good cause.[2] The Court stated that "[u]pon entry of appearance of substitute counsel, Attorney Pankau (Hoskins) [could] renew her motion." (Doc. #12). Neither Pankau nor Renkemeyer ever filed a notice of substitute counsel. Counsel of record, Pankau, was notified on numerous occasions that she needed to file her attorney registration (at a cost of only $50) or a motion for *pro hac vice*. She has yet to do either. Renkemeyer is still suspended. No counsel with an active Western District of Missouri bar membership has entered their appearance for Plaintiffs. On March 30, 2018, Pankau hand delivered to this Court Plaintiff's Motion to Dismiss Without Prejudice (Doc. #15). Local Rule 83.5(a) states, "[O]nly members of the Bar of this District, attorneys admitted *pro hac vice*, and individuals representing themselves may appear or practice before this District." Neither Pankau nor Renkemeyer satisfy these conditions and therefore may not "appear or practice before this District." Local Rule 83.5(a). Accordingly, this Court strikes Plaintiff's Motion to Dismiss Without Prejudice (Doc. #15) because it was improperly filed.

### II. Defendant Western Heritage Insurance Company's Motion to Dismiss Plaintiffs' First Amended Petition for Failure to State a Claim

Defendant Western Heritage Insurance Company filed a motion to dismiss for failure to state a claim in Plaintiffs' First Amended Petition.[3] Plaintiffs did not file a response. A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When assessing a Rule 12(b)(6) motion, this Court must liberally construe the pleadings in the light most favorable to the non-movant and accept the factual allegations as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Schaaf v. Residential Funding*

---

[2] Pursuant to Local Rule 83.2, "The Court may grant the motion [to withdraw] only upon a showing of good cause, which can be shown by entry of appearance of substitute counsel."

[3] Plaintiffs, through Renkemeyer, attempted to file their First Amended Petition on March 8, 2018. Because Renkemeyer is not currently allowed to appear or practice before this Court, Plaintiffs' First Amended Petition is not part of the record. Therefore, even though Defendant's base their motion to dismiss on the First Amended Petition, this Court only considers the original petition (Doc. #1-1), which was filed in state court.

2

Case 4:18-cv-00124-SRB   Document 16   Filed 04/03/18   Page 2 of 5

*Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The court should not "presume the truth of legal conclusions couched as factual allegations." *Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). The movant must demonstrate that the non-movant's claim cannot survive past a Rule 12(b)(6) motion. *See generally Twombly*, 550 U.S. at 555-56.

This suit arises out of a waterline break in an interior wall above Plaintiff Scot Crader's condominium unit. Plaintiff Plaza Garden on the Lake Condominium Association ("Plaza Garden") is insured by Defendant. Crader and Plaza Garden each bring two claims—(1) breach of contract and (2) vexatious refusal to pay.

Both of Crader's claims fail because Crader lacks standing to bring a direct action against the insurance policy as a third-party tort claimant. "Only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract." *Drury Co. v. Mo. United School Ins. Counsel*, 455 S.W.3d 30, 34 (Mo. App. E.D. 2014). "The long-standing rule in Missouri is that an injured tort claimant is not a third-party beneficiary of the alleged tortfeasor's policy of liability insurance under which the insurer's obligation to pay is triggered only after the tortfeasor's liability to the tort claimant is established by settlement or judgment." *Blankenship v. Old Mo. Mutual Ins. Co.*, 525 S.W.3d 562, 564 (Mo. App. S.D. 2016) (internal citations omitted). "In these circumstances, the tort claimant's remedy is to obtain a settlement or judgment against the alleged tortfeasor and then, if necessary, collect the settlement or judgment from the insurer through a garnishment proceeding." *Id.* Plaintiffs plead no facts indicating that Crader is a party to Plaza Garden's policy with Defendant nor do they plead facts regarding any settlement or judgment obtained by Crader against Plaza Garden. Therefore, both of Crader's claims against Defendant are dismissed without prejudice for lack of standing.

3

Plaza Garden's breach of contract claim fails to state a claim because Plaintiffs allege no facts regarding whether Plaza Garden was legally liable for the damages incurred. To state a claim for breach of contract, a plaintiff must plead facts indicating "the existence of a valid contract; the rights of plaintiff and obligations of defendant under the contract; a breach by defendant; and damages resulting from the breach." *Clayborne v. Enter. Leasing Co. of St. Louis, LLC*, 524 S.W.3d 101, 106 (Mo. App. E.D. 2017). More specifically, to state a claim for an insurer's breach of contract with its insured, an insured plaintiff must allege facts showing that the insurer failed to meet one of its two distinct contractual obligations owed to its insured by either wrongfully refusing to pay a claim (duty to indemnify) or wrongfully refusing to defend a claim (duty to defend). *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 552 (Mo. 2014). Plaintiffs failed to allege either because Plaintiffs did not plead any facts regarding Defendant's obligations (e.g. by alleging a legal action of some kind against Plaza Garden). Plaintiffs only allege that Defendant "insure[d] against [] risk of water leaks." (Doc. #1-1, ¶ 20). In their petition, Plaintiffs failed to plead facts indicating the obligations of Defendant under the contract. Therefore Plaza Garden's breach of contract claim fails to state a claim upon which relief can be granted.

Likewise, Plaza Garden's vexatious refusal claim fails. "To assert a claim for vexatious refusal to pay, a plaintiff must allege that: (1) plaintiff had an insurance policy with defendant insurer; (2) defendant insurer refused to pay a loss under said policy; and (3) defendant insurer's refusal was without reasonable cause or excuse. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006). Plaintiffs do not allege that Plaza Garden ever made a claim under the policy. Plaintiffs only allege that "*Crader* made many attempts over the course of a year to file a claim with the appropriate insurance carrier." (Doc. #1-1, ¶ 15) (emphasis added). There

4

Case 4:18-cv-00124-SRB   Document 16   Filed 04/03/18   Page 4 of 5

is no allegation that the insurer refused to pay a demand by the insured.  Given that the Court finds the allegations do not meet survive under Rule 12(b)(6) and no opposition was filed to Defendant's motion, Plaza Garden's vexatious refusal claim also fails.

Accordingly, Defendant Western Heritage Insurance Company's Motion to Dismiss Plaintiffs' First Amended Petition for Failure to State a Claim (Doc. #13) is GRANTED, and the above-captioned action is DISMISSED without prejudice.  As stated above, Plaintiffs' motion to dismiss (Doc. #15) is stricken because it was improperly filed.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 3, 2018